John K. Buche (SBN 239477) (Local Counsel)
BUCHE & ASSOCIATES, P.C.
2029 Century Park E., Suite 400N
Los Angeles, California 90067
Tel.: (310) 593-4193
jbuche@buchelaw.com

Hao Ni (*pro hac vice to be filed*)
hni@nilawfirm.com
Timothy Wang (*pro hac vice to be filed*)
twang@nilawfirm.com
Neal Massand (*pro hac vice to be filed*)
nmassand@nilawfirm.com
Steve Moore (*pro hac vice to be filed*)
smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, Texas 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Attorneys for Plaintiffs*

# IN THE UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **UNICORN GLOBAL, INC., AND HANGZHOU CHIC INTELLIGENT TECHNOLOGY CO., LTD.,**<br><br>Plaintiffs,<br><br>v.<br><br>**DGI PRODUCT INC., LUCKYDOG CORP., YONGKANG DINGCHANG INDUSTRY & TRADE CO., LTD., CHENGJIA WANG, WALMART INC., WALMART STORES EAST, L.P., AND WAL-MART.COM USA LLC,**<br><br>Defendants. | **Case No.: 5:21-cv-267**<br><br>**ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

1

This is an action for patent infringement in which Unicorn Global, Inc. ("Unicorn") and Hangzhou Chic Intelligent Technology Co., Ltd. ("Chic") (collectively, "Plaintiffs") accuse DGI Product Inc. ("DGI"), Luckydog Corp. ("Luckydog"), Yongkang Dingchang Industry & Trade Co. Ltd. ("Yongkang"), Chengjia Wang, Walmart Inc., Wal-Mart Stores East, L.P., and Wal-mart.com USA LLC (the Walmart Defendants are collectively referred to hereafter as "Walmart") (collectively, "Defendants") of infringing U.S. Patent Nos. 10,538,286 (the "'286 Patent") and 10,696,347 (the "'347 Patent") (collectively, the "Asserted Patents"), alleging as follows:

## PARTIES

1.     Chic is a company organized and existing under the laws of the People's Republic of China with a principal place of business located at 2/F, No. 2 Building, Liangzhu University, Science and Technology Park, No. 1 Jingyi Road, Liangzhu, Hangzhou, 311112, People's Republic of China.

2.     Chic is a high-tech company that is supported by Zhejiang University Ministry of Education Computer Aided Product Innovation Design Engineering Center; Zhejiang University International Design; and Zhejiang Key Laboratory of Service Robot. Chic manufactures and licenses hoverboard products for sale in the United States.  Chic has been assigned 70 authorized patents for its hoverboard technology and design in different regions such as China, the United States, the European Union, and Canada.

3.      Unicorn is a California corporation with its place of business located at 820 S Wanamaker Ave., Ontario, CA 91761. Unicorn has enforcement rights for the Asserted Patents under a written Patent License Agreement dated October 16, 2018.

4.      Defendant DGI Product Inc. is a California corporation with its principal place of business at 6 N. 1st Ave., Ste. 108, Arcadia, CA 91286.  Upon information and belief, Defendant can be served with process at the above address.

5.      Defendant Luckydog Corp. is a California corporation with its principal place of business at 4319 Santa Ana St., #A, Ontario, CA 91761.  Upon information and belief, Defendant can be served with process at the above address.

6.      Defendant Yongkang Dingchang Industry & Trade Co. Ltd. is a Chinese company with its principal place of business at No.60 Citang Shan Yazhuang, Zhiying Subdistrict, Yongkang City, Zhejiang Province, China.

7.      Defendant Chengjia Wang is a U.S. resident. Upon information and belief, Mr. Wang is a resident in 9094 Las Tunas Dr., Temple City, CA 91780 or his other residence for service of process.

8.      Upon information and belief, Defendant Walmart Inc. is a Delaware corporation headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Walmart Inc. may be served with process via its registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

9.      Upon information and belief, Defendant Wal-Mart Stores East, L.P., Inc. is a Delaware limited partnership headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Wal-Mart Stores East, L.P. may be served with process via its registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

10.      Upon information and belief, Defendant Wal-Mart.com USA LLC is a California limited liability company and subsidiary of Walmart Inc. headquartered at 702 S.W. 8th Street, Bentonville, Arkansas 72716. Upon information and belief, Wal-Mart.com USA LLC may be served with process via its registered agent: The Corporation Trust Company, Corporation Trust Center 1209 Orange St., Wilmington, DE 19801.

11.      Upon information and belief, Walmart owns and operates Walmart stores in this District and throughout California and sells the accused products through the Walmart website (www.walmart.com) and Walmart stores.

## JURISDICTION AND VENUE

12.      This is an action for infringement of the Asserted Patents arising under 35 U.S.C. § 271(a), 281, and 284-85.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

13.      Venue is proper in this District under 28 U.S.C. § 1400(b) as to Defendants DGI, Luckydog, Chengjia Wang, and Wal-Mart.com USA LLC as they are residents of the forum state by virtue of their incorporation under the laws of the forum state and have

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

committed acts of infringement within the forum state.

14.     Venue is proper in this District under 28 U.S.C. § 1400(b) as to Defendants Walmart Inc. and Wal-Mart Stores East, L.P. because they have regular and established placed business in this District, including multiple Walmart shops in this District and throughout California, and have purposely transacted business involving the accused products in this District, including sales to one or more customers, in California, have employees in this District, and certain of the acts complained of herein occurred in this District. Walmart Inc. and Wal-Mart Stores East, L.P. offer their products, including those accused of infringement below, to customers and potential customers located in California and in this District. Walmart Inc.

15.     Venue is proper in this District under 28 U.S.C. § 1400(b) and § 1391(c)(3) as to Defendant Yongkang because it has committed acts of infringement in this District and/or is a foreign corporation.

16.     Defendants Walmart, Inc., Wal-Mart Stores East, L.P., and Wal-Mart.com USA LLC are subject to this Court's jurisdiction pursuant to due process and the California Long Arm Statute due at least to their substantial business in this State and District, including (i) at least part of their past infringing activities, (ii) regularly doing or soliciting business in California, and (iii) engaging in persistent conduct and deriving substantial revenue from goods provided to customers in California.

17.     Defendants DGI Luckydog, Yongkang, Chengjia Wang, and Wal-Mart.com

5

USA LLC are subject to this Court's specific and general personal jurisdiction under due process and/or the California Long Arm Statute due at least to their substantial business in this forum, including: (i) at least a portion of the infringements alleged herein; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in California and in this District; (iii) and by virtue of their incorporation under the laws of the forum state.

## U.S. PATENT NO. 10,538,286

18.   On January 21, 2020, United Sates Patent No. 10,538,286, was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Electric Balance Swing Car." A true and correct copy of the '286 Patent is attached hereto as Exhibit A.

19.   Jiawei Ying is the listed inventor of the '286 Patent.

20.   Chic is the owner of all right, title, and interest in and to the '286 Patent, and collectively, Plaintiffs have the exclusive rights to enforce the '286 Patent, to file actions based on infringement of the '286 Patent, to recover damages or other monetary amounts for infringement of the '286 Patent, and to obtain injunctive relief pertaining to the '286 Patent.

21.   Chic has owned the '286 Patent at all times during Defendants' infringement of the '286 Patent.

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

22.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiffs have complied with such requirements.

### U.S. PATENT NO. 10,696,347

23.     On June 30, 2020, United Sates Patent No. 10,696,347, was duly and legally issued by the United States Patent and Trademark Office for an invention entitled "Electric Vehicle." A true and correct copy of the '347 Patent is attached hereto as Exhibit C.

24.     Jiawei Ying and Shaojun Cao are the listed inventors of the '347 Patent.

25.     Chic is the owner of all right, title, and interest in and to the '347 Patent, and collectively, Plaintiffs have the exclusive rights to enforce the '347 Patent, to file actions based on infringement of the '347 Patent, to recover damages or other monetary amounts for infringement of the '347 Patent, and to obtain injunctive relief pertaining to the '347 Patent.

26.     Chic has owned the '347 Patent at all times during Defendants' infringement of the '347 Patent.

27.     Upon information and belief, to the extent any marking was required by 35 U.S.C. § 287, Plaintiffs have complied with such requirements.

### THE INFRINGING PRODUCTS

28.     Without authorization, DGI and Luckydog make, use, import, sell, or offer for sale self-balancing vehicles that infringe the Asserted Patents set forth below, namely: (1) at least claim 1 of the '286 Patent; and (2) at least claim 1 of the '347 Patent; The infringing

7

products are the Hoverstar- or Hoverheart-branded, LBW14 and LBW12A hoverboard products (collectively, the "Accused Products") imported, sold, or offered for sale in the United States. The Accused Products are sold to consumers in California and in this District, without authorization, through online stores including but not limited to the DGI PRoo and LKDOG stores at Amazon.com.

29.   The Walmart defendants have infringed the Asserted Patents by selling and offering to sell the Accused Products in the United States, including in California and in this District, without authorization.

30.   Pictures of the Accused Products offered for sale on Amazon.com and Walmart.com are included below:



PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT



31.     Yongkang makes and supplies the Accused Products to DGI and Luckydog. In addition, Yongkang has infringed the Asserted Patents by selling and/or offering to sell the same Accused Products not only to co-defendants in this suit, but also to other distributors or end-user customers in the United States, through online marketplaces such as its Alibaba store at https://ykdingchang.en.alibaba.com/.



32.     Chengjia Wang has infringed the Asserted Patents by directly and personally involved in the selling and/or offering to sell the Accused Products. For example, Mr.

9

Wang owns the Hoverstar mark (U.S. Registration No. 5,891,986), which is used in some of the Accused Products sold in the U.S. Upon information and belief, Mr. Wang is involved in the selling of Hoverstar products, including licensing the Hover trademark to DGI, Luckydog, and others, which sells the Hoverstar-branded products through Amazon.com and other platforms.

33.    Each of the Accused Products meets each and every element of at least claim 1 of the '286 and '347 Patents, either literally or via the doctrine of equivalents as discussed below.

## KNOWLEDGE AND WILLFULNESS

34.    The Walmart Defendants had pre-suit actual knowledge of the Asserted Patents and that the Accused Products infringe the Asserted Patents because Plaintiff's counsel sent them written infringement notices on April 2, 2019—which included a copy of the Asserted Patents and other patents, and printouts of the Accused Products that they are selling—and requested that they stop selling the Accused Products. However, the Walmart Defendants have refused the request to stop selling the Accused Products, and thus are willfully infringing Plaintiffs' patent rights.

35.    As such, the Walmart Defendants have actual knowledge of the Asserted Patents and that the Accused Products infringe the Asserted Patents.

36.    Upon information and belief, Defendants DGI, Luckydog, Yongkang, and Chengjia Wang have actual knowledge of the Asserted Patents because they are either

related to or have knowledge of the defendant Hillo America, Inc. in a pending patent infringement case filed by the same Plaintiffs before this Court (Case No. 2:19-cv-03028).

37.     Defendants have had constructive knowledge of the Asserted Patents because Plaintiffs have complied with the marking statute, 35 U.S.C. § 287.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 10,538,286

38.     Defendants, directly or through intermediaries, make, use, import, offer to sell, and/or sell electric balance vehicles commonly referred to as "hoverboards," through their Amazon.com and Walmart.com storefronts which infringe the '286 Patent, shown in Exhibit B.

39.     Upon information and belief, Defendants have been and are now infringing claims 1, 2, 3, 4, 6, 11, 12, and 13  of the '286 Patent in the State of California, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, offering to sell, and/or importing electric balance vehicles, *e.g.*, the LBW14 and LBW12A hoverboard products, covered by one or more claims of the '286 Patent to the injury of Plaintiffs.  Defendants are directly infringing, literally infringing, and/or infringing the '286 Patent under the doctrine of equivalents.  Defendants are thus liable for direct infringement of the '286 Patent pursuant to 35 U.S.C. § 271(a).

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

40.     The Accused Products directly infringe claim 1 of the '286 Patent.  They are electric balancing swing cars, comprising: supporting frameworks, comprising a first supporting framework and a second supporting framework that are symmetrically disposed and moveable relative to each other; a first wheel, connected to the first supporting framework; a second wheel, connected to the second supporting framework; a connecting device, extending from the second supporting framework, wherein the connecting device is fixed to the second supporting framework, and is matched with and in a moveable connection to the first supporting framework; a position sensor, disposed in the first supporting framework and configured for sensing a first position information of the first supporting framework relative to the ground and a movement change information of the second supporting framework relative to the first supporting framework; and a control device, configured for driving the first wheel to rotate or move according to the first position information obtained by the position sensor, and driving the second wheel to rotate or move according to the first position information and the movement change information. *See* Ex. B.

41.     The Accused Products directly infringe claim 2 of the '286 Patent.  They meet the limitations of claim 1, and further, wherein the connecting device comprises a rotation mechanism, the rotation mechanism is in rotation connection to the first supporting framework, and the movement change information is a rotation angle of the second supporting framework relative to the first supporting framework.  *See* Ex. B.

12

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

42.    The Accused Products directly infringe claim 3 of the '286 Patent. They meet the limitations of claim 2, and further, wherein the position sensor comprises a position sensing unit and a movement change information sensing unit. *See* Ex. B.

43.    The Accused Products directly infringe claim 4 of the '286 Patent. They meet the limitations of claim 3, and further, wherein the position sensing unit comprises a gyroscope and an acceleration sensor. *See* Ex. B.

44.    The Accused Products directly infringe claim 6 of the '286 Patent. They meet the limitations of claim 2, and further, wherein the rotation mechanism is an axle sleeve, and a bearing that is matched with the axle sleeve is disposed in the first supporting framework. *See* Ex. B.

45.    The Accused Products directly infringe claim 11 of the '286 Patent. They meet the limitations of claim 1, and further, wherein the electric balancing swing car further comprises a power supply and a drive apparatus, the power supply is configured for supplying electrical power to the drive apparatus, the position sensor and the control device, and the control device is configured for controlling the power supply, the drive apparatus and the position sensor, and for sending a drive signal to the drive apparatus according to the first position information and a rotation angle that are sensed by the position sensor, thereby driving wheels to rotate. *See* Ex. B.

46.    The Accused Products directly infringe claim 12 of the '286 Patent. They meet the limitations of claim 1, and further, wherein the two wheels are parallel to each other,

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

and are disposed on two opposite sides of the supporting frameworks respectively. *See* Ex. B.

47. The Accused Products directly infringe claim 13 of the '286 Patent. They meet the limitations of claim 1, and further, wherein the electric balancing swing car further comprises an upper cover and a lower cover, the upper cover and the lower cover are disposed by wrapping the supporting frameworks. *See* Ex. B.

48. Plaintiffs are in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '286 Patent.

49. As a result of Defendants' infringement of the '286 Patent, Plaintiffs have suffered monetary damages and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, and Plaintiffs will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

50. Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '286 Patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT II
## INFRINGEMENT OF U.S. PATENT NO. 10,696,347

14

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

51.     Defendants, directly or through intermediaries, make, use, import, offer to sell, and/or sell electric balance vehicles commonly referred to as "hoverboards," through their Amazon.com and Walmart.com storefronts which infringe the '347 Patent, shown in Exhibit D.

52.     Upon information and belief, Defendants have been and are now infringing claims 1, 5, 6, 7, 8, 10, 11, 12, 15, 16, and 17 of the '347 Patent in the State of California, in this judicial district, and elsewhere in the United States, by, among other things, directly or through intermediaries, making, using, selling, offering to sell, and/or importing electric balance vehicles, i.e., the Accused Products, covered by one or more claims of the '347 Patent to the injury of Plaintiffs.  Defendants are directly infringing, literally infringing, and/or infringing the '347 Patent under the doctrine of equivalents.  Defendants are thus liable for direct infringement of the '347 Patent pursuant to 35 U.S.C. § 271(a).

53.     The Accused Products directly infringe claim 1 of the '347 Patent.  They are electric balance vehicles comprising: a housing having a first side rotatable relative to a second side; a support structure mounted within the housing, the support structure comprising a plurality of structural components, wherein at least a first one of the plurality of structural components is coupled to the first side and at least a second one of the plurality of structural components is coupled to the second side; a first pedal disposed on the first side of the housing and a second pedal disposed on the second side of the housing; a rotating mechanism coupled with the support structure and configured to allow the first

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

one of the plurality of structural components to rotate relative to the second one of the plurality of structural components; a limiting shaft disposed within the housing to limit rotation of the first side relative to the second side; a first wheel attached to a first end of the support structure and a second wheel attached to a second end of the support structure; a first motor mounted in the first wheel and a second motor mounted in the second wheel; a plurality of sensors; a power supply mounted within the housing; and at least one controller mounted within the housing and electrically connected with the plurality of sensors, the power supply, the first motor and the second motor, and wherein the at least one controller is configured to control the first motor and the second motor, respectively, to drive the first wheel and the second wheel, respectively, to rotate according to one or more signals from the plurality of sensors. *See* Ex. D.

54.     The Accused Products directly infringe claim 5 of the '347 Patent.  They meet the limitations of claim 1, and further, wherein the power supply is disposed in the first side of the housing and the at least one controller is disposed in the second side of the housing. *See* Ex. D.

55.     The Accused Products directly infringe claim 6 of the '347 Patent.  They meet the limitations of claim 1, and further, wherein the plurality of sensors, the power supply, and the at least one controller are disposed between a bottom cover and the first and second pedals. *See* Ex. D.

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

56. The Accused Products directly infringe claim 7 of the '347 Patent. They meet the limitations of claim 1, and further, wherein the first one of the plurality of structural components coupled to the first side comprises a cylindrical barrel. *See* Ex. D.

57. The Accused Products directly infringe claim 8 of the '347 Patent. They meet the limitations of claim 7, and further, wherein the rotating mechanism further comprises a bearing disposed inside the cylindrical barrel. *See* Ex. D.

58. The Accused Products directly infringe claim 10 of the '347 Patent. They are electric balance vehicles comprising: a housing having a first side rotatable relative to a second side; a support structure mounted within the housing, the support structure comprising a plurality of structural components, wherein at least a first one of the plurality of structural components is coupled to the first side and has a first cylindrical barrel portion, and at least a second one of the plurality of structural components is coupled to the second side; a first pedal disposed on the first side of the housing and a second pedal disposed on the second side of the housing; a rotating mechanism disposed within the first cylindrical barrel portion and configured to allow the first one of the plurality of structural components to rotate relative to the second one of the plurality of structural components; a limiting shaft disposed within the housing to limit rotation of the first side relative to the second side; a first wheel attached to a first end of the support structure and a second wheel attached to a second end of the support structure; a first motor mounted in the first wheel and a second motor mounted in the second wheel; a plurality of sensors; a power supply mounted within

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

the housing; and at least one controller mounted within the housing and electrically connected with the plurality of sensors, the power supply and the first motor, and wherein the at least one controller is configured to control the first motor to drive the first wheel to rotate according to one or more signals from the plurality of sensors. *See* Ex. D.

59.   The Accused Products directly infringe claim 11 of the '347 Patent.  They meet the limitations of claim 10, and further, wherein the power supply is disposed in the first side of the housing and the at least one controller is disposed in the second side of the housing. *See* Ex. D.

60.   The Accused Products directly infringe claim 12 of the '347 Patent.  They meet the limitations of claim 10, and further, wherein the plurality of sensors, the power supply, and the at least one controller are disposed between a bottom cover and the first and second pedals. *See* Ex. D.

61.   The Accused Products directly infringe claim 15 of the '347 Patent.  They are electric balance vehicles comprising: a housing having a first side rotatable relative to a second side; a support structure mounted within the housing, the support structure comprising a plurality of structural components, wherein at least a first one of the plurality of structural components is coupled to the first side and has a first cylindrical barrel portion, and at least a second one of the plurality of structural components is coupled to the second side and has a second cylindrical barrel portion; a first pedal disposed on the first side of the housing and a second pedal disposed on the second side of the housing; a rotating

18

mechanism disposed within the first cylindrical barrel portion and configured to allow the first one of the plurality of structural components to rotate relative to the second one of the plurality of structural components, the rotating mechanism comprising a bearing and a shaft sleeve; a limiting shaft disposed within the housing to limit rotation of the first side relative to the second side; a first wheel attached to a first end of the support structure and a second wheel attached to a second end of the support structure; a first motor mounted in the first wheel and a second motor mounted in the second wheel; a plurality of sensors; and a power supply mounted within the housing. *See* Ex. D.

62.    The Accused Products directly infringe claim 16 of the '347 Patent.  They meet the limitations of claim 15, and further, comprising: a controller mounted within the housing and electrically connected with the plurality of sensors, the power supply, and the first motor, and wherein the controller is configured to control the first motor to drive the first wheel to rotate according to one or more signals from the plurality of sensors. *See* Ex. D.

63.    The Accused Products directly infringe claim 17 of the '347 Patent.  They meet the limitations of claim 16, and further, wherein the power supply is disposed in the first side of the housing and the controller is disposed in the second side of the housing. *See* Ex. D.

64.    Plaintiffs are in compliance with any applicable marking and/or notice provisions of 35 U.S.C. § 287 with respect to the '347 Patent.

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

65.     As a result of Defendants' infringement of the '347 Patent, Plaintiffs have suffered monetary damages and are entitled to a money judgment in an amount adequate to compensate for Defendants' infringement, but in no event less than a reasonable royalty for the use made of the invention by Defendants, together with interest and costs as fixed by the court, and Plaintiffs will continue to suffer damages in the future unless Defendants' infringing activities are enjoined by this Court.

66.     Unless a permanent injunction is issued enjoining Defendants and their agents, servants, employees, representatives, affiliates, and all others acting on in active concert therewith from infringing the '347 Patent, Plaintiffs will be greatly and irreparably harmed.

## COUNT III
## WILLFUL INFRINGEMENT

67.     Defendants have willfully infringement the Asserted Patents.

68.     Defendants have had knowledge of the Asserted Patents and that the Accused Products infringe the claims of the Asserted Patents since at least as early as April 2, 2019.

69.     Defendants continue to sell and offer for sale the Accused Products despite having knowledge of the Asserted Patents and that the Accused Products infringe the claims of the Asserted Patents.

70.     As such, Defendants infringement is willful and supports an award of increased damages and an exceptional case finding.

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

## DEMAND FOR JURY TRIAL

Plaintiffs, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court enter:

A.     a judgment in favor of Plaintiffs that Defendants have infringed at least one or more claims of the Asserted Patents, directly and/or indirectly, literally and/or under the doctrine of equivalents;

B.     a permanent injunction enjoining Defendants and their officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert therewith from infringement, inducing the infringement of, or contributing to the infringement of the Asserted Patents, or such other equitable relief that the Court determines is warranted;

C.     a judgment and order requiring Defendants pay to Plaintiffs their damages, costs, expenses, and prejudgment and post-judgment interest for Defendants' infringement of the Asserted Patents as provided under 35 U.S.C. § 284, including an enhancement of damages on account of Defendants' willful infringement, and an accounting of ongoing post-judgment infringement;

D.     that the case be found exceptional under 35 U.S.C. § 285 and that Plaintiffs be awarded their reasonable attorneys' fees; and,

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

E.      such other and further relief as the Court may deem just and proper.

Dated:  February 16, 2021                By: */s/ John K. Buche*

John K. Buche (SBN 239477)
*Local Counsel*
BUCHE & ASSOCIATES, P.C.
2029 Century Park E., Suite 400N
Los Angeles, California 90067
Telephone: 310-593-4193
*jbuche@buchelaw.com*

Hao Ni (*pro hac vice to be filed*)
hni@nilawfirm.com
Timothy Wang (*pro hac vice to be filed*)
twang@nilawfirm.com
Neal Massand (*pro hac vice to be filed*)
nmassand@nilawfirm.com
Steve Moore (*pro hac vice to be filed*)
smoore@nilawfirm.com

NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 500
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

Attorneys for Plaintiffs

PLAINTIFF'S ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT